Paul H. Ode and Mary B. Ode v. Commissioner.
Ode v. Commissioner
Docket No. 3930-69-SC.
United States Tax Court
T.C. Memo 1970-136; 1970 Tax Ct. Memo LEXIS 221; 29 T.C.M. (CCH) 609; T.C.M. (RIA) 70136; June 2, 1970, Filed *221 Paul H. Ode, pro se, Ashenfelter Road, RD 1, Malvern, Pa., Howard W. Gordon, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in petitioners' 1966 Federal income tax in the amount of $849.98. The question before us is whether $3,189.99, paid to petitioner by his employer to defray living and transportation expenses incurred subsequent to a permanent transfer of petitioner's post of duty and to reimburse petitioner for costs incurred in selling his former residence, was 610 gross income, and if so, are petitioners entitled to deduct this amount in arriving at taxable income? Findings of Fact The case has been submitted under Rule 30. The stipulation and exhibits attached thereto are incorporated herein by this reference. Paul H. and Mary B. Ode, husband and wife (hereinafter referred to as petitioner and Mary) resided in Philadelphia, Pennsylvania at the time of the filing of the petition herein. They filed a joint Federal income tax return with the district director of internal revenue for taxable year 1966 at Philadelphia, Pennsylvania. Petitioner, an accountant, was permanently *222 transferred by his employer, General Electric Company (G.E.), from Pittsfield, Massachusetts to Philadelphia on April 10, 1966. Upon his arrival in Philadelphia, petitioner began house hunting. His family had remained in Pittsfield until a new residence could be found and the old one disposed of. Petitioner was joined by his family in Philadelphia on July 17, 1966. G.E. reimbursed petitioner in the amount of $3,189.99 for expenses incurred by petitioner incidental to his transfer. The amount reimbursed consisted of: Meals, lodging, telephone
$1,154.09
Travel
608.25
Cost of selling old residence 1,427.65
$3,189.99
G.E. paid all of petitioners direct moving expenses and these amounts were excluded from taxable income in petitioners' return. On their 1966 return petitioners included the $3,189.99 paid by G.E. in gross income and deducted it to arrive at taxable income. The Commissioner disallowed the deduction. Opinion The issue for our decision is whether reimbursement for expenses in connection with petitioner's permanent transfer of place of employment and for selling expenses of his former residence are includable in petitioners' income and if *223 so, are they deductible in arriving at taxable income? As regards the selling expenses of petitioners' former residence, we view these as separate from the other expenses incident to petitioner's change of post of duty. This Court has considered this type of expense before and we have held the reimbursement to constitute gross income. , on appeal (C.A. 9, July 21, 1969); ; . We sustain the Commissioner's determination herein, based on our decision in the above cases. As to the reimbursement of indirect moving expenses, again we find cases dispositive of this issue, most recently, ; and . See also (C.A. 7, 1965); (C.A. 10, 1968), reversing , and . On the authority of these decisions, we also sustain the Commissioner's determination that the amount of reimbursement *224 is includable as gross income with no deduction allowed in arriving at taxable income. Decision will be entered for the respondent.